NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 13-2837

D.F., a minor, individually and by his
Parent and legal guardian A.C.,
                                                    Appellant

v.

COLLINGSWOOD BOROUGH BOARD OF EDUCATION,
a/k/a Collingswood Public Schools

On Appeal from the United States District Court
for the District of New Jersey
(Civ. No.  1-10-cv-00594)
District Judge: Hon. Joseph E. Irenas

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 19, 2014

Before: McKEE, *Chief Judge*, CHAGARES and NYGAARD,
*Circuit Judges*.

(Opinion filed: January 12, 2015)

OPINION*

McKEE, *Chief Judge*.

    D.F. and A.C. appeal the district court's order granting Collingswood Borough

Board of Education's motion for reconsideration and closing this case.  For the reasons

that follow, we will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

# I.

D.F. was enrolled in an inclusion pre-school class in the Camden, New Jersey, Public Schools for the 2007-2008 school year. His IEP required an extended school year program ("ESY") of at least thirty days, in a self-containedbehavioral disabilities program with counseling services. This summer program was intended to modify his aggressive and impulsive behaviors before he entered a regular kindergarten with support services in September 2008. The IEP specifically noted that D.F. would be at high risk for failure in a regular kindergarten without supportive services.

D.F. and his family moved to Collingswood, New Jersey, in September 2008 and enrolled D.F. in Collingswood Public Schools. D.F. was placed in a regular classroom because his brother was then in the self-contained special education kindergarten class. D.F. had no one-to-one aide or other supportive services in that regular kindergarten classroom.

The behavior plan from Camden remained part of D.F.'s IEP, but it was not implemented in Collingswood, and D.F. experienced behavioral issues in the early part of the school year.

A.C., D.F.'s mother, initially unrepresented by counsel, filed a due process petition on January 21, 2009, alleging violation of D.F.'s rights under the IDEA. The petition triggered the "stay-put" requirement in 20 U.S.C. § 1415(j). Approximately a month after the filing of the petition, Collingswood conducted an IEP meeting at which it implemented a behavior plan that specifically approved the use of physical restraints on D.F. A.C. refused to attend this meeting, although she was part of the IEP team. She

argued that the stay-put requirement mandated the continuation of the old IEP until the ALJ held otherwise.

In March 2009, Collingswood filed a motion to dismiss the second claim in the due process petition, which sought an independent psychiatric evaluation and an independent behavioral assessment. In June 2009, the ALJ ordered that Collingswood pay for the evaluations.

D.F. remained in the regular classroom, with an aide, through April 2009. Toward the close of the 2008-2009 school year, the IEP team met again and proposed an out-of-district placement for D.F. Collingswood sent A.C. a letter seeking her authorization to send D.F.'s records to several out-of-district programs, but she refused, invoking A.C.'s stay-put rights.Apparently as a result of her frustration with the use of restraints and D.F.'s treatment in the classroom, A.C. unilaterally decided to keep D.F. at home for at least six weeks of the school year.

D.F. began the 2009 school year in a regular classroom with a one-to-one aide, but his behavior problems continued, and Collingswood filed for emergent relief, seeking to change D.F.'s stay-put status. In the alternative, Collingswood sought to place D.F. outside the district. The ALJ denied this motion without prejudice.

In September 2009, D.F.'s chosen expert, Dr. Kathleen McCabe-Odri, completed her functional behavior assessment and his second expert, Dr. Robertson Tucker, completed his psychiatric evaluation. Dr. McCabe-Odri recommended particular behavior intervention strategies and suggested that the Collingswood staff would benefit from certain training. She concluded that restraints were not recommended for D.F.

3

Dr. Tucker recommended a "highly structured first grade class which offers support services and a full-time one-to-one aide providing behavior modification instead of resorting to restraint," which he thought was contraindicated.

On October 29, Collingswood sought emergent relief again, this time seeking only an out-of-district placement for D.F. The ALJ found that D.F.'s behavior placed him and the students around him at risk of harm and therefore ordered that D.F. be placed on home instruction until a suitable placement in a highly structured setting with behavioral supports was found. The ALJ further ordered A.C. to cooperate in the process of finding D.F. an out-of-district placement.The parties failed to agree on a placement, and the ALJ entered an order finding The Archway School to be the appropriate placement and changing D.F.'s stay-put to place him there. A.C. appealed and did not send D.F. to Archway.

On July 7, 2010, D.F.'s counsel advised Collingswood that D.F. and A.C. had moved to Georgia and that they would be withdrawing all claims except those for compensatory education.Thereafter, D.F. filed a second petition for due process, nearly identical to the first except that it sought, as its sole relief, compensatory education for "the period of time Collingswood failed to provide a free and appropriate education in the least restrictive environment." The ALJ entered an order dismissing the new petition for insufficiency on July 27, 2010, the same day on which he was made aware that D.F. had moved out of state.On August 4, 2010, the ALJ issued an order dismissing all remaining claims and closing the case.

4

D.F. originally filed a complaint in the district court appealing the ALJ's November 6, 2009, order that placed D.F. on home instruction. The district court case proceeded in tandem with the case before the ALJ throughout the spring and summer.

The district court granted Collingswood's motion for summary judgment and entered judgment in its favor. The district court afforded the ALJ's decision plenary review, and gave "due weight" to the ALJ's factual findings. The district court held the "present dispute ha[d] been rendered moot by D.F.'s move from Collingswood, New Jersey, to Georgia." *D.F. v. Collingswood Pub. Sch.*, 804 F. Supp.2d 250, 255 (D.N.J. 2011). The court also found that it was without power to award compensatory education as relief. Essentially, the district court found the IEP never required a one-to-one aide and that Collingswood acted swiftly to remediate the situation once it was discovered. It did not address the other alleged denials of a FAPE. The district court declined to award attorneys' fees to D.F. because it found no causation between the filing of the petition and Collingswood's provision of the independent assessments. The court concluded that D.F. had not properly requested these assessments before filing for due process. *Id*. at 256-57.

D.F. then filed an appeal to this court. In an opinion filed on September 12, 2012 – *D.F. v. Collingswood Borough Bd. Of Educ*., 694 F.3d 488 (3d Cir. 2012) – we framed the issues as follows:

> (1) whether the out-of-state move rendered all of D.F.'s claims moot; (2) if the claims are not moot, whether summary judgment was nonetheless proper because D.F.'s IDEA rights were not violated; and (3) whether D.F. was a prevailing party for purposes of attorneys' fees.

694 F.3d at 491.

We agreed with D.F. that the move to Georgia did not moot his claims for compensatory education. We reasoned that if parents have paid for a disabled child's education because the public schools were failing to provide a FAPE, reimbursement of tuition paid by the parents at a school providing an appropriate education was the proper relief. *See Sch. Comm. Of Burlington v. Dep't of Educ.*, 471 U.S. 359, 370 (1985)).

We then addressed the district court's assertion that Georgia was responsible for providing for D.F.'s educational needs and a FAPE, and rejected that theory. After finding that D.F.'s claims were not rendered moot by his out-of-state move, we turned to the denial of a FAPE. We noted:

> The District Court found, in a footnote, that "D.F.'s claim for compensatory education for the period of time he was not provided a one-to-one aid also fails on the merits because Collingswood did not deny him a FAPE during that period." This conclusion was supported with record evidence, including the creation of the September 4, 2009 IEP with A.C.'s consent, the conducting of the behavior assessment by Philip Concors in November 2009, and the provision of the one-to-one aide in January. All of this showed, in the District Court's view, that Collingswood "acted promptly to attempt to resolve D.F.'s educational issues and meet his educational needs."

694 F.3d at 499-500 (citations and footnote omitted). We then opined: "Although we note that parental consent to an IEP does not mean that FAPE was provided, we nonetheless do not find the District Court's conclusion to this question of fact to be clearly erroneous." *Id*. at 500 (citation omitted). However, we did not end our inquiry there. We explained:

6

D.F.'s original petition sought compensatory education only for the period of time during which he was without a one-to-one aide, a claim which the District Court rejected with the explanation noted above. Nonetheless, at the time of the ALJ's August 4, 2010 order, there were three other pending motions that sought compensatory education for other alleged violations of D.F.'s right to FAPE. First, in his May 26, 2009 filing, D.F. sought to expand the original petition so that, instead of addressing the period of time he was denied a one-to-one aide, it would cover any denial of FAPE, presumably for any reason, during the period of time from September 2008 – January 2009. Second, on September 16, 2009, D.F. moved for compensatory education to remedy the alleged violations of FAPE based on his summer 2009 ESY placement. Third, on July 15, 2010, D.F. filed an additional due process violation seeking compensatory education for the entire period of time D.F. had not received FAPE in Collingswood, with specific reference to improper discipline and use of restraints.

*Id.* (footnote omitted). We noted that the ALJ dismissed this last petition for insufficiency, on the ground that it did not contain the necessary information relating to the restraints claim. *Id.* We further noted that, in her August 4, 2010, decision, in which she declared all the claims to be moot, the ALJ specifically and separately denied D.F.'s motion to amend to expand his request for compensatory education. The ALJ's decision rested on grounds of undue delay and mootness. She made no specific factual findings regarding any of the claims for compensatory education. *Id.*

We also explained that the district court did not make any factual findings that related to the claim for compensatory education for violations of FAPE beyond the absence of a one-to-one aide during the September 2008 – January 2009 period, nor any claim related to the summer 2009 compensatory education claim. *Id.* We observed that the district court's opinion suggests that D.F. sought only compensatory education for the

7

period that he was not provided with a one-to-one aide, but that D.F.'s cross-motion for summary judgment made it clear that his compensatory education claim was much broader. *Id.* at 500-501. We then addressed the issue of attorney's fees. We noted that "Collingswood had agreed from the outset of the litigation to provide them and indeed, might have provided them without litigation had D.F. fully complied with New Jersey regulations in requesting the evaluations." *Id.* at 502.

For all the above reasons, we held that the district court erred in determining that D.F.'s claims were moot, but we affirmed the court's determination that D.F. was not a prevailing party entitled to attorneys' fees. We then remanded for proceedings consistent with our opinion.

On November 9, 2012, the district court entered an order on remand, directing the Clerk of the District Court to reopen the case and ordering that its May 23, 2011 Opinion and Order be vacated, except as to the attorney's fees issue. Thereafter, the district court entered an order remanding to the ALJ for further proceedings not inconsistent with its upcoming decisions on the remanded issues and not inconsistent with this court's opinion. The district court agreed to allow the parties to file summary judgment motions before remanding the case to the ALJ.[1]

D.F. refiled the summary judgment motion which the district court denied in its May 23, 2011 opinion. The brief in support of D.F.'s refiled summary judgment motion

---

[1] The district court felt a remand to the ALJ was necessary because of this court's remand "for factual findings on all the alleged violations of FAPE" and this court's observation that because D.F. had not presented any testimony before the ALJ when the ALJ declared the claims to be moot, further development of the record is likely to be necessary "before D.F.'s claims for compensatory education can be properly evaluated." 694 F.3d at 501.

8

was identical to the brief in support of D.F.'s original summary judgment motion. In an opinion and order, dated January 3, 2013, addressing only D.F.'s summary judgment motion, the district court denied D.F.'s renewed summary judgment motion. *D.F. v. Collingswood Public Schools*, 2013 WL 103589 (D.N.J. Jan. 8, 2013).

D.F.'s refiled motion raised the following five arguments:

> 1. [D.F. is] the prevailing party . . . by obtaining the relief ordered on June 22, 2009. . . .;
>
> 2. It was an error for the ALJ . . . to find [D.F.'s July 15, 2010] petition did not meet the sufficiency requirements for a due process petition;
>
> 3. It was error for the ALJ . . . to dismiss [D.F's] demand for compensatory education as moot;
>
> 4. The Decisions of November 4, 2009 and April 1, 2010 disrupting [D.F.'s] stay-put were in error; [and]
>
> 5. [D.F. and A.C.] are [a] prevailing party for the success on this Appeal to this District Court.

2013 WL 103589 at *1. The district court began its discussion of the second argument by noting that on July 15, 2010, A.C., filed the due process petition at issue. "[T]he factual allegations of the petition were word-for-word identical to the original due process petition (filed in January, 2009) except in one material respect."[2]*Id.* The July 2010 due process petition contained the additional allegation that "Collingswood improperly restrained D.F." *Id.*

---

[2] The January 21, 2009 due process petition was filed by A.C., who was unrepresented at that time. As noted, by filing that petition, A.C. triggered the "stay-put" requirement of the IDEA.

The district court noted that, in response to the additional allegation, Collingwood filed with the Office of Special Education Programs a "Notice of Insufficiency" in which it asserted that the July 2010 due process petition failed to assert any facts related to the allegation that D.F. was improperly restrained. *Id.* at *3. The Notice was faxed by Collingswood to the Office of Special Education Programs on July 23, 2010. However, it did not appear that a copy of the Notice was sent to A.C.'s attorney. Rather, a hard copy was mailed and postmarked the following Monday, July 26, 2010. *Id.*

On July 27, 2010, the ALJ issued a written decision dismissing the July 15, 2010 petition, finding that the complaint did not include "facts relating to the problem or a proposed resolution of the problem." *Id.*[3] The district court noted that A.C.'s and D.F.'s counsel claimed that he received the ALJ's written decision dismissing the due process petition before he received the Notice of Insufficiency. He wrote to the ALJ asking that the order be vacated, on the ground that it was granted *ex parte*. However, the ALJ denied the request. *Id.*

In any event, the district court noted that D.F. made one merits argument and one procedural argument in support of his position that the ALJ erred in dismissing his July 2010 due process petition. The district court agreed that no additional facts had been alleged to support the claim that D.F. had been improperly restrained.

---

[3] The district court noted that the ALJ's July 27, 2010 decision was not the first time that the allegation regarding improper restraints was dismissed for lack of factual assertions. It noted that on April 6, 2009, the ALJ dismissed a separate due process petition filed by D.F. on March 24, 2009, stating that "[t]he complaint fails to allege any facts related to the claim that D.F. was restrained without authorization." The district court further noted that D.F. did contest that dismissal. *Id.* at *3 & n.7.

10

Accordingly, the district court held that the ALJ was correct in concluding that the July 2010 petition was insufficient. *Id.*

As to D.F.'s alternative procedural argument, the district court noted that D.F. argued that he was not given sufficient notice of, and the time to respond to, the Notice of Insufficiency. However, the district court was not persuaded because it ignored the fact that counsel was already on notice that simply alleging improper restraints would not be sufficient because the ALJ dismissed the March 2009 due process petition for insufficiency. For all of the above reasons, the district court denied D.F.'s renewed motion for summary judgment.

On January 11, 2013, Collingswood filed its motion for summary judgment, arguing that all claims related to D.F.'s September 16, 2009 and May 26, 2010 motions to amend the original January 21, 2009 due process petition, to assert claims for compensatory education, were untimely and prohibited by Federal and State regulations. While Collingswood's motion was pending, D.F. filed a letter with the district court, withdrawing the then pending motions for summary judgment. On January 29, 2013, the district court entered an Order dismissing Collingwood's pending motion for summary judgment as moot, and remanding the matter to the ALJ for proceedings not inconsistent with this court's September 12, 2012 opinion. Additional motions, including Collingswood's motion for reconsideration of the district court's January 29, 2013 Order followed.

In an opinion, dated June 19, 2013, the district court concluded that the claim for compensatory education in the January 2009 due process petition was previously decided

11

by it and affirmed by this court. The district court did not believe that we had remanded that claim. Accordingly, the court could not further remand it to the ALJ. *D.F. v. Collingswood Public Schools*, 2013 WL 3147976 (D.N.J. June 19, 2013).

The district court undertook a thorough examination of the tortured proceedings in this matter and concluded that "none of the issues raised by either Motion to Amend may be remanded to the ALJ as those issues are now moot." *Id.* at \*2. The court also affirmed the dismissal of the second due process petition on insufficiency grounds

Thus, the district court found that the only remaining document was the original January 2009 due process petition. It noted that D.F. argued that the January 21, 2009 due process petition seeks compensatory education for the period he did not have a one-to-one aide and that the claim has yet to be decided because it was dismissed in error on August 4, 2010 when the ALJ dismissed all claims as moot due to D.F.'s move out of state to Georgia. The district court held:

> [D.F.] is incorrect in [his] assertion that the original due process petition's claim for compensatory education has yet to be decided. The claim was decided in this Court's decision of May 23, 2011, and affirmed by the Court of Appeals on September 12, 2012. Accordingly, that issue was never remanded to this Court and this Court cannot remand it to the ALJ.

*Id.* at \*3.

Thus, for all of the above reasons, the district court granted Collingswood's motion for reconsideration and held that no issues would be remanded to the ALJ.

D.F. then filed this appeal challenging the district court's January 8, 2013, order affirming the ALJ's dismissal of his July 15, 2010, due process petition on insufficiency

12

grounds and the district court's June 19, 2013, order granting Collingswood's motion for reconsideration.

D.F.'s arguments in support of this appeal are meritless. The district court's January 8, 2013, opinion clearly and convincingly shows that D.F.'s July 15, 2010, due process petition, claiming improper restraint, was deficient under the IDEA's pleading standards and was, therefore, substantively insufficient. We will therefore affirm that holding substantially for the reasons set forth in the district court's January 8, 2013, opinion.

We also find that the district court's June 19, 2013, opinion and order granting Collingswood's motion for reconsideration was proper. For the reasons explained in that opinion, the only claim that remained to be considered for remand to the ALJ, i.e., D.F.'s claim for compensatory education for the time he was not provided a one-to-one aide, was decided against D.F. in our September 12, 2012, opinion. Thus, the court correctly concluded that there was nothing to remand to the ALJ for consideration. As a result, the entire dispute has been correctly resolved. Accordingly, we will affirm the district court's grant of Collingswood's motion for reconsideration substantially for the reasons stated in the district court's June 19, 2013, opinion.

## II.

For all of the above reasons, we will affirm the district court.

13