**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 19-2199

TOWNSHIP OF MARLBORO BOARD OF EDUCATION,
Appellant

v.

H.L.; J.L., on behalf of V.L.

On Appeal from the United States District Court
for the District of New Jersey
(No. 3-18-cv-12053)
District Judge: Hon. Michael A. Shipp

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 22, 2019

Before: CHAGARES, MATEY, and FUENTES, *Circuit Judges*

(Opinion filed:  December 17, 2019)

OPINION*

MATEY, *Circuit Judge.*

H.L. and J.L. removed their daughter V.L. from public school, enrolled her in a

private institute, and petitioned for tuition reimbursement from the Marlboro Township

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

Board of Education under the Individuals with Disabilities Education Act ("IDEA"). The Board refused, arguing that the parents failed to participate in a mandatory resolution session. After the state administrative law judge ("ALJ") declined to dismiss on that ground, the Board sought review in federal court. The District Court, however, dismissed for lack of jurisdiction. We find no error and will affirm.

## I. BACKGROUND

V.L., a special education student, attended public schools in Marlboro Township, New Jersey. For the 2015-2016 school year, her parents transferred her to a private school. They then petitioned the New Jersey Department of Education for a "due process hearing," seeking, *inter alia*, reimbursement for V.L.'s private school tuition.[1] In response, the Board invited the parents to attend a resolution session before the formal hearing, but the parents declined.

The matter proceeded before a state ALJ, and the Board moved for summary decision. The ALJ granted that motion, holding that the parents failed to provide timely notice to the Board and unreasonably enrolled V.L. in the private school, and thus had no right to reimbursement.[2] The parents challenged that decision in federal court. The District

---

[1] Under the IDEA, states receiving federal educational funding must provide special education students a "free appropriate public education." 20 U.S.C. § 1412(a)(1)(A). If the student's parents believe a public school is not satisfying this requirement, the parents may unilaterally remove the child from the public school, place her in a private school, and seek reimbursement for the child's tuition by petitioning for a "due process hearing" before the relevant state agency. *Id.* §§ 1412(a)(10)(C)(ii); 1415(f)(1)(A).

[2] *See* 20 U.S.C. § 1412(a)(10)(C)(iii) (stating that "[t]he cost of reimbursement . . . may be reduced or denied" if, among other things, the parents did not give written notice ten business days before removing the child from the public school, or "upon a judicial finding of unreasonableness with respect to the actions taken by the parents").

Court agreed that the parents failed to provide timely notice before moving V.L. But the court held the ALJ erroneously treated that failure as dispositive, without considering the totality of the circumstances.[3] The District Court also held that the ALJ insufficiently explained his finding of unreasonableness. It therefore remanded.

On remand, the Board renewed its motion for summary decision, arguing that the parents' failure to participate in the resolution session required dismissal.[4] The ALJ denied that motion, stating that there was a "material fact in dispute" about "the extent, if any, of [the parents'] participation in the IEP process." (App. at 5.) The Board immediately challenged that decision in a new federal lawsuit. The District Court dismissed the case for lack of jurisdiction, holding that the Board failed to exhaust its administrative remedies. This appeal followed.[5]

## II. THE BOARD DID NOT EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

The IDEA provides for federal judicial review of state agencies' decisions on due process petitions. 20 U.S.C. § 1415(i)(2)(A). A party must first exhaust any available

---

[3] *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 247 (2009) ("[C]ourts retain *discretion* to reduce the amount of a reimbursement award if the equities so warrant—for instance, if the parents failed to give the school district adequate notice of their intent to enroll the child in private school.") (emphasis added).

[4] *See* 20 U.S.C. § 1415(f)(1)(B)(i) (noting that, before a due process hearing, the school "shall convene a meeting with the parents" unless the parties waive the meeting or participate in mediation); 34 C.F.R. § 300.510(b)(4) (noting that, if the school "is unable to obtain the participation of the parent in the resolution meeting after reasonable efforts have been made," the school "may . . . request that a hearing officer dismiss the parent's due process complaint").

[5] Because the order dismissing the action was a "final decision" of the District Court, we have jurisdiction under 28 U.S.C. § 1291. Our review of that order is plenary. *See Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 271 (3d Cir. 2014).

3

administrative remedies unless: "(1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant relief; [or] (4) exhaustion would cause severe or irreparable harm." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 275 (3d Cir. 2014).

The Board first argues that, merely by moving for summary decision, it has exhausted its available administrative remedies. We disagree. No authority prevents the Board from continuing to argue to the ALJ that the parents' petition should be dismissed for their failure to participate in the resolution session. In fact, the ALJ appears to be expecting that argument. (*See* App. at 5 (denying the Board's motion because "[a] plenary hearing is required to establish" the "material fact in dispute" about "the extent, if any, of [the parents'] participation in the IEP process").)[6]

The Board then argues that one of the exceptions to exhaustion should apply. Again, we disagree. As noted, the ALJ is ready and able to entertain the Board's arguments, so further proceedings would not be futile or inadequate, and may in fact resolve in the Board's favor.[7] The ALJ recognized that the extent of the parents' participation is a

---

[6] The Board argues that the parents' participation *in the IEP process* is irrelevant to measuring the parents' participation *in the resolution session*. In other words, the Board believes that the ALJ ignored its main argument when denying the motion for summary decision, and that the ALJ is therefore not prepared to consider that argument further. But the resolution session was offered to address the parents' complaints about the preparation and execution of V.L.'s IEP at Marlboro Township public schools. It was thus part of "the IEP process."

[7] The Board asserts that the IDEA forbids the ALJ from holding a hearing on this issue. But while the IDEA prohibits "the party requesting the due process hearing" (here, the parents) from raising new issues at that hearing, 20 U.S.C. § 1415(f)(3)(B), it says nothing about what issues and defenses the other party (here, the Board), may raise there.

4

question of fact, not law. And the Board does not explain why participation in further agency proceedings would cause any severe or irreparable harm.[8]

The Board, then, has failed to exhaust its administrative remedies, and cannot rely on any of the exceptions to the exhaustion requirement.

### III. CONCLUSION

The District Court properly dismissed the Board's complaint for lack of jurisdiction. We will therefore affirm.[9]

---

[8] The Board also asserts that this Court "has exercised jurisdiction over sufficiency determinations of ALJs that by their very nature are made prior to the ALJ conducting plenary proceedings." (Appellant's Br. at 14.) But the unreported decision it cites was reviewing the *dismissal* of a due process petition for legal insufficiency, with no indication the petitioner had any further administrative remedies available. *D.F. v. Collingswood Borough Bd. of Educ.*, 596 F. App'x 49 (3d Cir. 2015). By contrast, the ALJ here made it clear that its *refusal to dismiss* the parents' petition is without prejudice.

[9] Based on this disposition, we need not—and therefore do not—decide whether the parents' failure to participate in a resolution session requires dismissal of their petition under 20 U.S.C. § 1415(f)(1)(B) or 34 C.F.R. § 300.510(b)(4). *But see C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 72 (3d Cir. 2010) ("[T]he IDEA specifically obligates the parents to participate in a resolution session with the school district after a due process request is filed[.] . . . The IDEA was not intended to fund private school tuition for the children of parents who have not first given the public school a good faith opportunity to meet its obligations.").